UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-20519-CIV-DIMITROULEAS/SNOW

EMILOIO ARRIETA,
and other similarly-situated individuals,

    Plaintiff(s),

vs.

SUN ELECTRONICS INTERNATIONAL,
INC. and JOHN A. KIMBALL,

    Defendant.
_____/

## PLAINTIFF'S AMENDED RENEWED OMNIBUS MOTION, WITH INCORPORATED MEMORANDUM OF LAW, FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT, PRODUCTION BY DEFENDANT OF A COMPREHENSIVE LIST OF PRESENT AND FORMER EMPLOYEES, AND COURT-AUTHORIZED MAILING OF OPT-IN NOTICES, WITH PROPOSED NOTICE AND OPT-IN FORM

Plaintiff, EMILOIO ARRIETA (hereinafter "Plaintiff"), on behalf of himself and other similarly-situated employees of Defendant SUN ELECTRONICS INTERNATIONAL, INC. (hereinafter "Sun Electronic") and JOHN A. KIMBALL. ("Kimball") (collectively "Defendants"), by and through undersigned counsel, hereby respectfully moves this Honorable Court:

    (1) to conditionally certify the above-styled action as a collective action under the Fair Labor Standards Act (with the proposed class described herein);

    (2) to compel expedited production by Defendant, within fifteen (15) days of Court order, of a complete list of each and every person – and their last-known home addresses,

telephone numbers, e-mail addresses, and social security numbers[1] -- who was employed by Defendant Sun Electronic, performed services on Defendant's behalf, and/or performed services which benefited Defendant in any way, at any time for the past three (3) years, and who was classified and/or described by Defendant as an "intern", or the like (hereinafter "the Proposed Class");[2]

(3) to require Defendant, in light of the relatively large number or persons in the Proposed Class, to provide Plaintiff's counsel with the list both by hard copy and electronically – in an Excel spreadsheet with each person listed alphabetically form "A" to "Z" and with each person's last-known home address, telephone number, e-mail address, and social security number in a separate field corresponding with each name;

(4) to authorize Plaintiff counsel's mailing of a Court-approved Notice to all such persons about their right to opt into this collective action by filing a Consent to Join Lawsuit (in the proposed forms attached hereto and incorporated herein by reference as Exhibits "A" and "B");

(5) in the event that the Court would prefer that the parties stipulate to the use of a Notice in this or a different form, to require that the parties' counsel confer on the contents of the Notice and, if the parties' counsel are unable to agree on the form, they are to submit the disputed issues to this Court for resolution and such submissions shall occur no less than 15 days after the entry of the Order; and

(6) to grant such other relief as this Court deems just and proper.

---

[1] Social Security numbers are requested because they are the surest means of locating persons whose addresses, phone numbers, or e-mail addresses have changed. People often cannot be located at the address, phone number, or e-mail address that the employer last kept on record.

[2] In the definition of the Proposed Class, the terms "and/or," "and," and "or" include both the conjunctive and the disjunctive.

This Honorable Court should grant this motion for the reasons set forth below:

## I. INTRODUCTION, FACTS, AND CORE ARGUMENT

*Inter alia*, Plaintiff's claim is for minimum wages and overtime pay under the Fair Labor Standards Act ("FLSA"). The lawsuit is against Sun Electronics International, Inc. and John A. Kimball. This Court has set the trial date and pretrial deadlines.

The FLSA was enacted in 1938 to ensure that every employee receives "a fair day's pay for a fair day's work." *A.H. Phillips v. Walling*, 324 U.S. 490, 493, 65 S.Ct. 807, 89 L.Ed. 1095 (1945) (quoting address to Congress by Franklin E. Roosevelt in 1937). In light of the FLSA's broad remedial purposes, it is well settled that the FLSA is to be liberally construed to apply to the furthest reaches consistent with congressional direction. *Biggs v. Wilson*, 1 F.3d 1537 (9th Cir. 1993). The FLSA requires that employees be paid a minimum wage for their work, and that employees working more than forty hours a week receive overtime compensation, specifically "time and a half" for all hours over forty – i.e., 1.5 times their "regular rate of pay." 29 U.S.C. §207(a)(1), (e); 29 C.F.R. §778.108.

In enacting the FLSA, Congress recognized that, given the relatively small amounts of money at issue in each individual case, it might be difficult to encourage both employees and attorneys to pursue the FLSA's important policies. In response to this problem, Congress included certain provisions in the FLSA to encourage employees and attorneys to pursue litigation on behalf of affected employees. The central provision, 29 U.S.C. §216(b), expressly allows an action to be brought "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." This mechanism in FLSA litigation is known as a "collective action."

Like a class action under Federal Rule 23, 29 U.S.C. § 216(b) allows numerous persons to proceed in a single lawsuit. But most of the similarities between the two types of actions end there. Most importantly for the instant motion, the standard for certifying a collective action under the FLSA is different from – and considerably more lenient and flexible than – the standard for certifying a class action under Rule 23. A plaintiff seeking conditional certification of a collective action under 29 U.S.C. §216(b) need only make a modest showing that he and the putative plaintiffs may be "similarly situated." The phrase "similarly situated" is interpreted broadly to include all potentially affected employees who may have an interest in the suit. It is well settled that this determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001).

In this collective action under the FLSA, there are ample grounds to conclude that similarly situated employees exist and that this collective action should be conditionally certified:

As shown by the Notice of Consent to Opt-In, Plaintiff and Onur Kaya (attached hereto and incorporated herein by reference as Exhibit "C"), Plaintiff was employed by Defendant as an "intern." Employees of Defendant often performed different functions and had different duties. Most employees of Defendant often performed the same jobs. As an "intern", Plaintiff always worked for Defendant. Plaintiff and other interns answered phones, took orders, and checked inventory. *See* Ex. D. Defendant did not properly compensate Plaintiff for hours while he worked there. Indeed, Plaintiff states that Defendant did not properly compensate for compensable hours to any "interns." Almost all of the "interns" worked a considerable amount of hours without receiving the minimum wages. In fact, Defendant posts listings for unpaid

internships, which are available year-round. *See* Ex. E. Other interns who were not paid any wages include Onur Kaya, Andres Casais, and Ron Loikhrt.

Thus, it is clear that there are many similarly situated persons who worked as "interns," that worked for Defendants, and that did not receive any pay. As Plaintiff is pursuing this suit on behalf of himself and others who were classified and/or described as "interns" or the like, this is not a case in which the plaintiff is seeking to obtain relief for persons who did a job unlike his. In a word, the "similarly situated" inquiry is a lot cleared in this case than in many FLSA collective actions. Notice to potentially similarly situated individuals is critical in this case, as in all FLSA collective actions in which the Plaintiff moves for class certification, because the statute of limitations for putative plaintiffs under the FLSA generally continues to run until they actually opt in by filing Consents with the Clerk of Court. Unlike Rule 23, which requires individuals to opt out if they want to be excluded from a class action, 29 U.S.C. §216(b) requires them to opt in to the collective action. Under the FLSA, generally each pay period has its own two-year statute of limitations (three years if the violations are shown to be reckless or willful, as Plaintiff has alleged). Hence, every day that passes without other employees' receiving notice of this suit and their right to opt in, greatly increases the chance that all or part of their claims will be time-barred. This stands in stark contrast to Rule 23 class actions, in which the filing of the suit by the representative plaintiff tolls the statute of limitations for all others.

It is also very important to note that Plaintiff is not requesting a final determination of whether the named Plaintiff and other potential opt-in plaintiffs are "similarly situated." Only conditional certification is sought. As the Eleventh Circuit has observed, conditional certification is usually granted because the standard for conditional certification is lenient. Defendant can later move for decertification once discovery is complete.

The Eleventh Circuit has joined the Fifth and Ninth Circuits in recommending that courts utilize a two-tiered approach to certification of an opt-in class pursuant to 29 U.S.C. §216(b). *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001) (stating that the two-tiered approach 'appears to be an effective tool for district courts to use in managing these often complex cases, and we suggest that district courts in this circuit adopt it in future cases'). *Hipp* made clear that the District Court has the authority to authorize the opt-in notice before they issue under 216(B). Furthermore, *Hipp*, citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995), set forth a two prong approach for district courts to utilize when confronting a 216(B) opt-in situation:

> "The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives--i.e. the original plaintiffs--proceed to trial on their original claims. Based on our review of the case law, no representative class has ever survived the second stage of review."

*Hipp* further discussed that the "similarly situated" requirement is flexible and non-restrictive in this Circuit. The Plaintiff need only show a reasonable basis for the claim of class wide discrimination: this burden is not heavy. "Not all questions of law or fact must be common;

rather, it is enough if some questions of law or fact are common to all parties, even if such questions do not predominate." *Grayson v. K-Mart Corp.*, 79 F.3d 1086 (11th Cir. 1996). The Plaintiffs "bear the burden of demonstrating a reasonable basis for the authorization of the issuance of notices for others to opt-in. The Plaintiffs' burden is not heavy." *Id.* at 1097. Furthermore, the Opt-In requirement of showing other employees to be "similarly situated" under 29 U.S.C. 216(b) is "less stringent than the requirement for joinder under F.R.C.P. 20(a) or for separate trials under F.R.C.P. 42(b)." *Id.* at 1096.

## II. LAW AND ADDITIONAL ARGUMENT

### A. GRANTING PLAINTIFF'S MOTION WOULD FURTHER CONGRESSIONAL AND SUPREME COURT DIRECTIVES TO PROTECT EMPLOYEES' RIGHTS TO MINIMUM WAGES BY ALLOWING COLLECTIVE ACTIONS TO PROCEED.

The requested notice to potential plaintiffs is within this Court's discretion under the Supreme Court's decision in *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170, 110 S. Ct. 482, 107 L.Ed.2d 480 (1989). "Section 216(b) of FLSA allows plaintiff to sue on behalf of 'other employees similarly situated,' in an action to recover unpaid overtime wages..." *O'Brien v. Morse*, 2002 U.S. Dist. LEXIS 10495, *2 (N.D. Ill. 2002) (quoting 29 U.S.C. §216(b)). This type of action is routinely referred to as a "collective action." *See generally Sperling*, 493 U.S. at 170, 110 S. Ct. 482.[3] A district court has considerable discretion in determining whether to certify a collective action. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001).

---

[3] "In *Hoffmann-La Roche*, the Supreme Court examined the propriety of court-supervised notice under § 216(b) in the context of a collective action brought pursuant to the Age Discrimination in Employment Act (ADEA). The ADEA expressly incorporates by reference the remedies and enforcement provisions of FLSA §216(b) on its own terms, and its analysis applies with equal force to FLSA cases." *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 n. 15 (S.D.N.Y. 1997).

Collective actions under the FLSA benefit the employee, the employer, and the court system because they are preferable to multiple independent lawsuits by employees, and allow streamlined proof in one trial that concerns the rights of all employees who opt in. *See Culver v. Bell & Loffland, Inc.*, 146 F.2d 29 (9th Cir. 1944); *Shain v. Armour & Co.*, 40 F. Supp. 488 (D.C. Ky. 1941); *Fowkes v. Dravo Corp.*, 62 F. Supp. 361 (D.C. Pa. 1945). But for the collective action provisions of the FLSA, multiple lawsuits against Defendant may exist in the future, rather than this one collective action.

Notice to potential plaintiffs would honor the legislative intent underlying 29 U.S.C. §216(b). The FLSA was enacted to protect employees, and it provides for collective actions by employees to enforce their legal rights under its provisions. In one court's words, the FLSA's collective actions provision "would have little or no significance if notice were not permitted in some form." *Pirrone v. North Hotel Assocs.*, 108 F.R.D. 78, *11 (E.D. Pa. 1985). The same court elaborated that notice to potential plaintiffs is appropriate because of the FLSA's broad remedial purposes, its explicit provisions for representative actions, the practical realities of management of class actions, and the courts' interest in avoiding a multiplicity of suits. Id. at *11-12.

A collective action may be certified as long as some questions of law or fact are common to all plaintiffs, even if such questions do not predominate. Also, there is no requirement that the claims of the class be based upon the same transaction or occurrence, as long as there is a logical connection between different transactions or occurrences. *See Stone*, 203 F.R.D. at 540-41. "Strict symmetry between filing Plaintiffs' charges and the claims of the opt-in Plaintiffs is not the standard; rather, 'sufficiently similar' is the standard. Under this standard, nothing more is required 'than substantial allegations that the putative class members were together the victims

of a single decision, policy, or plan infected by [illegality].'" *Hipp v. Liberty Nat'l Life Ins. Co.*, 973 F. Supp. 1033, 1039 (M.D. Fla. 1997), *aff'd in part and rev'd on other grounds, Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.2d 1208 (11th Cir. 2001).

Allegations of a single decision, policy, or plan are just one way to satisfy the similarly situated standard -- not the only way. *See Hipp*, 252 F.3d at 1219 (quoting *Grayson*, 79 F.3d at 1095).

A purported representative plaintiff has the right to notify the people he would like to represent that she has brought a suit, and the Court may in its discretion order discovery of and notice to, similarly situated employees. *O'Brien v. Morse*, 2002 U.S. Dist. LEXIS 10495 (N.D. Ill. 2002) (citing *Sperling*, 493 U.S. at 167). "The benefits of the class action provisions of §216(b) 'depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.'" *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 147 (4th Cir. 1992) (quoting *Sperling*, 493 U.S. at 170). *See also generally Tucker v. Labor Leasing, Inc.*, 155 F.R.D. 687 (M.D. Fla. 1994).

> [S]ome form of court involvement is "inevitable,"…[E]arly participation by the district court in the notice process serves a number of important goals. Judicial oversight of the contents of notice protects against misleading communications and misuse of the class device, and enables the court to resolve disputes about the contents of the notice before it is sent out. District court involvement also ensures that all potential plaintiffs receive timely notice of a pending suit, and thus prevents the proliferation of multiple individual suits arising from the same allegedly [wrongful] conduct. Also by setting a cut-off date for the receipt of consents, the court can expedite resolution of the action…
>
> *Garner v. G.D. Searle Pharmaceuticals & Co.*, 802 F. Supp. 418, 422 (M.D. Ala. 1993) (citing *Sperling*, 493 U.S. at 170-172).

Notice to potential plaintiffs also serves other important purposes, including alerting persons who would otherwise be unaware of their rights that those rights may have been violated, saving such persons' claims from being barred by the applicable statute of limitations,

permitting employees to pool their resources and thus "leveling the playing field" between potential plaintiffs with small claims and large corporations with extensive resources, and locating other employees who may be able to confirm the existence of the alleged wrongdoing. *Sperling*, 493 U.S. at 170; *Neizil v. Williams*, 1983 U.S. Dist. LEXIS 20085, *4-*5 (M.D. Fla. 1983) (quoting *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 n. 18, 65 S.Ct. 895, 902, 89 L.Ed. 1296 (1945)). *See also Brzychnalski v. Unesco, Inc.*, 35 F.Supp. 2d 351 (S.D.N.Y. 1999) (granting motion for employer to furnish employees' identities "on an expedited basis," and ordering that such employees' names and addresses be furnished within 20 days).

Court-facilitated notice "allows persons less likely to be aware of the suit, or to sue themselves, to receive notice and decide whether to opt in at an early stage." *O'Brien v. Morse*, 2002 U.S. Dist. LEXIS 10495, *3 (N.D. Ill. 2002). "[O]ne of the policy reasons underlying early class notice is that 'the experiences of other employees may well be probative of the existence vel non' of an unlawful practice, 'thereby affecting the merits of the plaintiff's own claims.'" *Zhao v. Benihana, Inc.*, 2001 U.S. Dist. LEXIS 10678 (S.D.N.Y. 2001) (quoting *Frank v. Capital Cities Communications, Inc.*, 88 F.R.D. 674, 676 (S.D.N.Y. 1981)).

Also, "only by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled." *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997). *See also Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1136-37 (D. Nev. 1999). Thus, notice prevents potential plaintiffs who might not be aware of their rights from losing those rights. *See Hoffman*, 982 F. Supp. at 260 ("It is in part for this reason -- the running of the statute of limitations -- that plaintiffs urge the Court to authorize the sending of notice and 'opt-in' consent forms to potential plaintiffs 'whose claims continue to 'die daily.'").

### B. THE FLSA'S LIBERAL STANDARD FOR CERTIFICATION OF COLLECTIVE ACITONS IS APPLICABLE – NOT THE LESS LIBERAL RULE 23 STANDARD (NUMEROSITY, TYPICALITY, COMMONALITY, ETC.).

When the FLSA was enacted in the 1930s, Rule 23 did not exist. Congress, however, believed it was important to create a mechanism by which employees could easily have their overtime pay or minimum wage claims adjudicated in one lawsuit. Therefore, Congress created a precursor of the Rule 23 with the FLSA's collective action provision: 29 U.S.C. §216(b). Under this provision, the employee must affirmatively opt into the collective action. Of course, the employee cannot opt in unless he or she knows about the collective action. Hence, this Omnibus Motion for conditional certification, with notice to potential plaintiffs.

In *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed 2d 480 (1989), the Supreme Court highlighted the importance of notice to potentially similarly situated persons in a collective action under the FLSA. It adopted the Second Circuit's holding and reasoning in *Braunstein v. Eastern Photographic Labs.*, 600 F.2d 335 (2d Cir. 1979): "We believe that Judge Daly took the proper course of action in authorizing notice to other potential plaintiffs in this action under the FLSA… [T]his holding comports with the broad remedial purpose of the Act, which should be given a liberal construction, as well as with the interest of the courts in avoiding the multiplicity of suits." *Braunstein*, 600 F.2d at 336.

Although a historical precursor to Rule 23, the FLSA's collective action provision is very different from Rule 23. Rule 23's requirements of commonality, typicality, numerosity, and representativeness are not part of the standard for collective action certification under the FLSA. "[T]he Rule 23 class standard is inapplicable with regard to whether a §216(b) collective action should be permitted, and the applicable standard is more elastic and less stringent than the requirements found in Rule 20 (joinder) and Rule 42 (severance)." *Stone v. First Union Corp.*,

203 F.R.D. 532, 542 (S.D. Fla. 2001). *See also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) (citing *Flavel v. Svedala Indus. Inc.*, 875 F. Supp. 550, 553 (E.D. Wis. 1994) (standard under Section 216(b) is "considerably less" demanding than the requirements of Rule 23); *Alix v. Shoney's*, 3 WH Cases 2d 1532 (E.D. La. 1997) (the provisions of Rule 23 are inapplicable to any action brought pursuant to 29 U.S.C. §216(b)); *Zelaya v. J.M. Macias, Inc.*, 175 F.R.D. 625 (E.D.N.C. 1997) (same); *Pirrone v. North Hotel Assocs.*, 108 F.R.D. 78, *3 (E.D. Pa. 1985) (the FLSA's own "class action" provision, rather than Rule 23, controls FLSA "class actions"). Unlike Rule 23, in which plaintiffs must "opt out" in order to avoid being bound by a judgment, under the §216(b) "opt-in" scheme, "potential plaintiffs must affirmatively notify the court of their intention to be a party to the class action in order to be bound by and benefit from it." *Kane v. Gage Merchandising Servs., Inc.*, 138 F. Supp. 2d 212, 214 (D. Mass. 2001). *Accord Kaas v. Pratt & Whitney*, 1991 U.S. Dist. LEXIS 11177 (S.D. Fla. 1991) (citing *La Chapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975)).[4]

Perhaps because of the great importance of expedited notice to potential plaintiffs in a FLSA case, given the FLSA's statute of limitations, only a minimal showing of potentially similarly situated persons is required. *See Brzychnalski v. Unesco, Inc.*, 35 F. Supp. 2d 351, 353 (S.D. N.Y. 1999).

### C. LIABILITY IS NOT AN ISSUE FOR PURPOSES OF PLAINTIFF'S MOTION TO CERTIFY.

Defendants Sun Electronic International, Inc. and John A. Kimball have, of course, denied liability and asserted numerous defenses to Plaintiff's suit. But liability is not relevant to a motion to conditionally certify a collective action under the FLSA -- just as it is not with respect to a class action under Rule 23. The Supreme Court and the Eleventh Circuit have made

---

[4] The Eleventh Circuit, acting en banc, adopted decisions of the former Fifth Circuit rendered prior to Oct. 1, 1981 as binding precedent. *See, e.g., Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

it clear that the underlying merits of class claims are not to be explored when deciding whether to certify a class. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78, 94 S.Ct. 2140, 40 L.Ed. 2d 732 (1974); *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1557 (11th Cir. 1986), cert. denied, 479 U.S. 883, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986). *See also Anderson v. City of Albuquerque*, 690 F.2d 796, 799 (10th Cir. 1982) (district court erred in denial of class certification by inquiring into merits of case).

Notice is wise, even if the claims do not ultimately succeed. To quote one of many courts on this point:

> The inquiry at the inception of the lawsuit is less stringent than the ultimate determination that the class is properly constituted... [E]ven if plaintiffs' claims turn out to be meritless or, in fact, all the plaintiffs turn out not to be similarly situated, notification at this stage, rather than after further discovery, may enable a more efficient resolution of the underlying issues in this case... These benefits, however, depend on employees receiving accurate and timely notice.

*Rehwaldt v. Elec. Data Sys. Corp.*, 1996 WL 947568, *3 (W.D.N.Y.) (emphasis in original).

Thus, in deciding whether or not to authorize notice to similarly situated persons, the Court should not examine the underlying merits of the action.

### D. CERTIFICATION SHOULD BE GRANTED AND COURT-APPROVED NOTICES AUTHORIZED FOR MAILING TO POTENTIAL PLAINTIFFS, UNDER THE APPLICABLE FIRST TIER (THE "NOTICE STAGE") ENUNCIATED BY THE ELEVENTH CIRCUIT.

In *Hipp*, supra, the Eleventh Circuit Court of Appeals recommended that district courts utilize a "two-tiered approach" to certification of collective actions under the FLSA, and observed that such an approach is "an effective tool for district courts to use in managing these often complex cases..." 252 F.3d at 1219 (affirming both the trial court's initial certification of the opt-in ADEA class and its refusal t decertify the class at trial).

The initial "tier," frequently referred to as "notice stage," occurs relatively early in the litigation -- when the Court has "minimal evidence" before it. *See id.* at 1218 (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14). To certify a collective action under the first tier, the named plaintiffs' burden of demonstrating that they and the putative plaintiffs are "similarly situated" is "lenient." *See id.* (quoting *Mooney*, 54 F.3d at 1213-14). To certify a collective action under the first tier, the named plaintiff need only make a "modest factual showing," *see Zhao*, 2001 U.S. Dist. LEXIS 10678 at *9 (quoting *Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995)), or in other words, "a colorable basis for a representative suit." *Mertz v. Treetop Enterprises, Inc.*, 1999 U.S. Dist. LEXIS 18386, *7 (N.D. Ala. 1999). The first-tier determination "typically results in 'conditional certification' of a representative class." *Id.* (quoting *Mooney*, 54 F.3d at 1213-14); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-15 (5th Cir. 1995) (stating that first-tier determination "is made using a fairly lenient standard").

The phrase "similarly situated" is interpreted broadly to include all affected employees who may have an interest in the suit. In other words, "similarly situated" means similarly situated with respect to the legal and, to a lesser extent, the factual issues to be determined. The prospective class must raise similar legal issues concerning non-payment of overtime or minimum wages. However, their situations need not be identical. *Dybach v. Fla. Dep't of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). Differences as to time actually worked, wages actually due, and hours involved are, of course, not significant to this determination. As the court observed in *Shain v. Armour & Co.*, 40 F. Supp. 488 (W.D. Ky. 1941):

> The evident purpose of the Act is to provide one lawsuit in which the claims of different employees, different in amount but all arising out of the same character of employment, can be presented and adjudicated, regardless of the fact that they are separate and independent of each other.

*Id.* at 490.

> Likewise, the court observed in *Burns v. Gilpin*, 188 S.W. 2d 338 (Tenn. 1945):
>
> Similarly situated does not mean identically situated. Employees of a general class may be similarly situated in that they all claim to have been engaged in the production of goods in commerce and claim to be entitled to additional compensation, but the details of their employment may differ in certain respects.
>
> Id. at 340-41.

Hence, individuals may also be "similarly situated" even though they had different job titles, different job duties, and worked in different locations.

In the case at bar, where all members of the Proposed Class are present or former Sun Electronic International, Inc. "interns" or the like, the "similarly situated" inquiry is simple. The proposed class are those classified as "interns" and/or those who performed duties, such as answering phones, collecting orders, and checking inventory, all without receiving at least the minimum wage for their duties. Plaintiff is not attempting to proceed, for instance, on behalf of a class of people who did work at all unlike the work he performed. Moreover, her allegations focus on employees at only the work site in which she worked.

"To impose a strict standard of proof on the plaintiff at this stage would unnecessarily hinder the development of collective actions and would undermine the 'broad remedial goals' of the ...FLSA." *Garner*, 802 F. Supp. at 422 (citing *Sperling*, 493 U.S. at 173). Also, "the fact that subsequent discovery may prove that the original plaintiffs and the opt-in plaintiffs are not, after all, 'similarly situated' does not work against the original decision to facilitate notice." *Harrison v. Enterprise Rent-A-Car Co.*, 1998 U.S. Dist. LEXIS 13131, *13-*14 (M.D. Fla. 1998).

> Nor must this Court wait for defendant to complete its discovery before authorizing class notice. To the contrary,...courts have endorsed sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management. *See...Cook v. United States*, 109 F.R.D. 81, 83

(E.D.N.Y. 1985) ("Certainly, it is 'unlikely that Congress, having created a procedure for representative action, would have wanted to prevent the class representatives from notifying other members of the class that they had a champion.");...

Reaflite v. Ark Restaurants Corp., 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998). See also Hoffman, 982 F. Supp. at 260 (running of statute of limitations is compelling reason for early notice); Belcher v. Shoney's Inc., 927 F. Supp. 249, 252 (M.D. Tenn. 1996) ("[T]he Court provisionally GRANTS the Plaintiffs' request for expedited court-supervised notice to prospective class members.").

One of the principal reasons that the standard is lenient under the first tier is that "nothing would appear to prevent the court from modifying or reversing a decision on 'similar situations' at a later time, as new facts emerge." *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988) (ADEA case).

The second and subsequent determination regarding the "similarly situated" requirement -- which is not currently at issue here -- is normally precipitated by a defense motion to decertify "after discovery is largely complete and the matter is ready for trial." *Hipp*, 252 F.3d at 1218 (quoting *Mooney*, 54 F.3d at 1213-14). "This is sometimes referred to as a 'certification' hearing. At the certification stage the district court must evaluate the claims of the putative plaintiffs, consider contradictory evidence, and make appropriate findings of fact as to whether any 'opt-in' plaintiffs are similarly situated." *Mertz*, 1999 U.S. Dist. LEXIS 18386 at *8. "If the claimants are similarly situated, the district court allows the representative action to proceed to trial." *Hipp*, 252 F.3d at 1218 (quoting *Mooney*, 54 F.3d at 1213-14).

### III. CONCLUSION

WHEREFORE, Plaintiff, on behalf of himself and others similarly situated, respectfully requests that this Honorable Court:

(1) conditionally certify the above-styled action as a collective action under the Fair Labor Standards Act (with the proposed class described herein);

(2) compel expedited production by Defendant, within fifteen (15) days of Court order, of a complete list of each and every person – and their last-known home addresses, telephone numbers, e-mail addresses, and social security numbers-- who were employed by Defendants Sun Electronics International, Inc. and John A. Kimball, performed services on Defendant's behalf, and/or performed services which benefited Defendant in any way, at any time for the past three (3) years, and who was classified and/or described by Defendant as "interns", or the like (hereinafter "the Proposed Class");

(3) require Defendant, in light of the relatively large number or persons in the Proposed Class, to provide Plaintiff's counsel with the list both by hard copy and electronically – in an Excel spreadsheet with each person listed alphabetically form "A" to "Z" and with each person's last-known home address, telephone number, e-mail address, and social security number in a separate field corresponding with each name;

(4) authorize Plaintiff counsel's mailing of a Court-approved Notice to all such persons about their right to opt into this collective action by filing a Consent to Join Lawsuit (in the proposed forms attached hereto and incorporated herein by reference as Exhibits "A" and "B");

(5) in the event that the Court would prefer that the parties stipulate to the use of a Notice in this or a different form, to require that the parties' counsel confer on the contents of the Notice and, if the parties' counsel are unable to agree on the form, they are to submit the disputed issued to this Court for resolution and such submissions shall occur no less than 15 days after the entry of the Order; and

(6) grant such other relief as this Court deems just and proper.

## CERTIFICATION REQUIRED BY S.D. Fla. L.R. 7.1 A (3)

Pursuant to Local Rule 7.1 A (3), the undersigned counsel conferred with counsel for Plaintiff electronic mail in a good faith effort to resolve, by agreement, the issues raised by this motion. Defendant's counsel objected to the relief sought herein.

Dated: October 22, 2012.

            Respectfully submitted,

            **REMER & GEORGES-PIERRE, PLLC**
            44 W. Flagler St., Ste. 2200
            Miami, Florida 33130
            Tel. (305) 416-5000
            Fax: (305) 416-5005

            By: _____
            Anthony M. Georges-Pierre, Esq.
            Florida Bar Number: 0533637

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Anthony M. Georges-Pierre, Esquire
Remer & Georges-Pierre, PLLC
*Attorney for the Plaintiff*
Courthouse Tower
44 West Flagler Street
Suite 2200
Miami, Florida 33130
Email: agp@agpattorneys.com
Telephone: (305) 416-5000
Fax: (305) 416-5005

Daniel W. Anderson, Esq.
Tracy Henry, Esq.
The Anderson Law Group, PA
13577 Feather Sound Drive
Suite 670
Clearwater, FL 33762
(727) 329-1999
Fax: (727) 329-1499
Email: danderson@FloridaLawPartners.com
Email: thenry@FloridaLawPartners.com

By: _____
Anthony M. Georges-Pierre, Esq.
Florida Bar Number: 0533637